UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BEE TRUCKING, INC., EAGLE CAPITAL CORPORATION, FLEETMASTER EXPRESS INC., LL TRANSPORT, INC., MILLER FREIGHTLINES, LLC, NORTHLAND TRUCKING, INC., PACKARD TRANSPORT, INC., TDM EXPRESS, INC., TAYLOR TRUCK LINE, INC., WRIGHT TRANSPORTATION, INC., REPUBLIC EXPRESS, INC., BCT, INC., DYNAMIC TRANSIT, INC., LOAD MAX CARRIER, INC., MR. P EXPRESS, INC., NG EXPRESS INC., HUMMER TRUCKING CORP., JNS DANIELS TRUCKING, INC., ALLIANCE EXPRESS, INC., SEVEN OAKS CAPITOL CORPORATION, MECCA & SONS TRUCKING COMPANY, INC., SANGER TRUCKING, CORNHUSKER MOTOR LINES, HEPLER TRANSPORT, EJA TRUCKING, INC., MC FREIGHT, THE WALKER COMPANIES, LLC, UTS TRANSPORTATION SERVICES, INC., UNIVERSAL AM-CAN LTD., EVERHART TRANSPORTATION, INC., PAYNE, INC., LASER EXPEDITED TRANSPORTATION, INC., PATTERSON FREIGHT SYSTEMS, INC., QUALITY SERVICES, LLC., PATONY TRUCKING, INC., EQUITY TRANSPORTATION COMPANY, INC., LONGHORN TRANSPORTATION SERVICES, INC., KEM EXPRESS, INC., JET TRANSPORTATION SERVICES, HARRY E. HILLS & ASSOCIATES, INC., A&W TRUX, INC., HARCHELROAD TRUCKING CO., MERCURY CARTAGE, LLC, YOUR TOWN TRANSPORT, INC. INC., LIBERTY EXPRESS, INC., AMSTAN LOGISTICS, INC., ALL PRO FREIGHT SYSTEMS, INC., WARREN C. SAUERS, INC., PANTHER, ALL FREIGHT SOLUTIONS CORP., and MOTOR SERVICE, INC.,<br><br>Defendants. | 04 10698 WGY<br>CIVIL ACTION NO.<br><br>MAGISTRATE JUDGE Cohen<br><br>RECEIPT # _____<br>AMOUNT $ 150<br>SUMMONS ISSUED Yes<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. TOM<br>DATE 4-06-04 |

## INTERPLEADER COMPLAINT

The plaintiff, National Grange Mutual Insurance Company ("National Grange"), as and for its Complaint, states as follows:

### PARTIES

1. National Grange is a New Hampshire corporation with a principal place of business in Keene, New Hampshire. National Grange is authorized to conduct business and issue surety bonds in Massachusetts.

2. Upon information and belief, the defendant, Bee Trucking, Inc., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 9540 Ball Street, San Antonio, Texas 78217.[1]

3. Upon information and belief, the defendant, Eagle Capitol Corporation, is a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business located in Tupelo, Mississippi.

4. Upon information and belief, the defendant, Fleetmaster Express, Inc., is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located in Roanoke, Virginia.

5. Upon information and belief, the defendant, LL Transport, Inc., is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 47 S. 34th Street, Richmond, Indiana 47374.

6. Upon information and belief, the defendant, Miller Freightlines, LLC, is a corporation organized and existing under the laws of the State of Indiana, with its principal place

---

[1] Each of the defendants identified in Paragraphs 2 through 52 of this Complaint are hereinafter collectively referred to as the "Claimants."

of business located at 4990 570th Avenue, West Bend, Indiana 50597.

7.     Upon information and belief, the defendant, Northland Trucking, Inc., is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located at 1515 S. 22nd Avenue, Phoenix, Arizona 85009.

8.     Upon information and belief, the defendant, Packard Transport, Inc., is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 24021 S. Municipal Drive, Channahon, Illinois 60410.

9.     Upon information and belief, the defendant, TDM Express, Inc., is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 2200 West Port Plaza Drive, Suite 212, St. Louis, Missouri 63146.

10.    Upon information and belief, the defendant, Taylor Truck Line, Inc., is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 31485 Northfield Boulevard, Northfield, Minnesota 55057.

11.    Upon information and belief, the defendant, Wright Transportation, Inc., is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 2300 Avenue "I", Mobile, Alabama 36615.

12.    Upon information and belief, the defendant, Republic Express, Inc. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in Hudson, Wisconsin.

13.    Upon information and belief, the defendant, BCT, Inc., is a corporation organized and existing under the laws of the State of Idaho, with its principal place of business located at 1111 W. Jefferson Street, Boise, Idaho 83728.

14.    Upon information and belief, the defendant, Dynamic Transit, Inc., is a

corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Florida.

15. Upon information and belief, the defendant, Load Max Carrier, Inc., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 10680 NW 37 Terrace, Miami, Florida 33178.

16. Upon information and belief, the defendant, Mr. P. Express, Inc., is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in Jeffersonville, Indiana.

17. Upon information and belief, the defendant, NG Express, Inc., is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2400 E. Oakton Street, Suite 211, Arlington Heights, Illinois 60005.

18. Upon information and belief, the defendant, Hummer Trucking Corp., is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in Oxford, Indiana.

19. Upon information and belief, the defendant, JNS Daniels Trucking, Inc., is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 212 Central Avenue, South Brandon, Minnesota 56315.

20. Upon information and belief, the defendant, Alliance Express, Inc., is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 570 Willow Road, Elmhurst, Illinois 60126.

21. Upon information and belief, the defendant, Seven Oaks Capitol Corporation, is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business located at 5745 Essen Lane, Suite 102, Baton Rouge, Louisiana 70810. Seven

Oaks has made a claim on behalf of Robert McMillion d/b/a Quest Trucking.

22. Upon information and belief, the defendant, Mecca & Sons Trucking Company, Inc., is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 580 Luis Munoz Marin Boulevard, Jersey City, New Jersey 07310.

23. Upon information and belief, the defendant, Sanger Trucking, is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 20 Hamlin Road, Fredericksburg, Pennsylvania 17026.

24. Upon information and belief, the defendant, Cornhusker Motor Lines, is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business located in Omaha, Nebraska.

25. Upon information and belief, the defendant, Hepler Transport, is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 997 Victory Church Road, Franklin, Pennsylvania 16323.

26. Upon information and belief, the defendant, EJA Trucking, Inc., is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 9341 Althea, St. Louis, Missouri 63123.

27. Upon information and belief, the defendant, MC Freight, is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 12739 Carrollton Industrial Drive, Bridgeton, Missouri 63044.

28. Upon information and belief, the defendant, The Walker Companies, LLC, is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located at 6516 E. Halifax, Mesa, Arizona 85205.

29. Upon information and belief, the defendant, UTS Transportation Services, Inc., is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 112 North Ewing, Suite A, Grimes, Indiana 50111.

30. Upon information and belief, the defendant, Universal Am-Can Ltd., is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in Warren, Michigan.

31. Upon information and belief, the defendant, Everhart Transportation, Inc., is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business located at 624 Midway Road, Midway, Tennessee 37809.

32. Upon information and belief, the defendant, Payne, Inc., is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 500 Hudgins Road, Fredericksburg, Virginia 22408.

33. Upon information and belief, the defendant, Laser Expedited Transportation, Inc., is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 6661 Cochran Road, Suite E, Solon, Ohio 44139.

34. Upon information and belief, the defendant, Patterson Freight Systems, Inc., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located Plant City, Florida.

35. Upon information and belief, the defendant, Quality Services, LLC, is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 5420 Brown Avenue, St. Louis, Missouri 63120.

36. Upon information and belief, the defendant, Patony Trucking, Inc., is a corporation organized and existing under the laws of the State of Nevada, with its principal place

of business located in Las Vegas, Nevada.

37. Upon information and belief, the defendant, Equity Transportation Company, Inc., is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 3685 Dykstra N.W., Walker, Michigan 49544.

38. Upon information and belief, the defendant, Longhorn Transportation Services, Inc., is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located in Statesville, North Carolina.

39. Upon information and belief, the defendant, KEM Express, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 284 Gibbs Road, Mooresville, North Carolina 27118.

40. Upon information and belief, the defendant, Jet Transportation Services, is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in San Isidro, Texas.

41. Upon information and belief, the defendant, Harry E. Hills & Associates, Inc., is a corporation organized and existing under the laws of the State of Illinios, with its principal place of business located in Decatur, Illinois.

42. Upon information and belief, the defendant, A&W Trux, Inc., is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business located in Cairo, Nebraska.

43. Upon information and belief, the defendant, Harchelroad Trucking Co, is a company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pittsburgh, Pennsylvania.

44. Upon information and belief, the defendant, Mercury Cartage, LLC is a

corporation organized and existing under the laws of the State of Maine, with a place of business located at 4 Irving Street, Peabody, Massachusetts 01960.

45. Upon information and belief, the defendant, Your Town Transport, Inc. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in Elroy, Wisconsin.

46. Upon information and belief, the defendant, Liberty Express, Inc., is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located in North Carolina.

47. Upon information and belief, the defendant, Amstan Logistics, Inc., is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 1255 Corwin Avenue, Hamilton, Ohio 45015.

48. Upon information and belief, the defendant, All Pro Freight Systems, Inc., is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 1200 Chester Industrial Parkway, Avon, Ohio 44011.

49. Upon information and belief, the defendant, Warren C. Sauers, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 2601 Rochester Road, Cranberry Township, Pennsylvania 16066.

50. Upon information and belief, the defendant, Panther, is a company organized and existing under the laws of the State of Florida, with its principal place of business located at 8421 N.W. 70th Street, Miami, Florida 33166.

51. Upon information and belief, the defendant, All Freight Solutions Corp., is a company organized and existing under the laws of the State of Florida, with its principal place of business located at 15620 SW 147th Avenue, Miami, Florida 33187.

52. Upon information and belief, the defendant, Motor Service, Inc., is a company organized and existing under the laws of the State of Missouri, with its principal place of business located at 5540 Eagle Industrial Court, Hazelwood, Missouri 63042.

## JURISDICTION AND VENUE

53. This Court has jurisdiction over the interpleader claim under 28 U.S.C. § 1334, because: the Claimants have made adverse claims against a bond issued by National Grange with a penal amount exceeding $500.00; at least two of the defendants and Claimants are citizens of different states; and National Grange has deposited contemporaneously with the filing of this Complaint the penal amount of the disputed bond proceeds into the registry of the Court.[2] This Court also has jurisdiction over this matter under 28 U.S.C. § 1337, because the case arises under an act of Congress regulating commerce, and under 28 U.S.C. §1352, because the case arises out of a bond executed pursuant to a law of the United States. Venue is proper in this district pursuant to 28 U.S.C. §1397, because one or more of the defendants resides within this judicial district. Venue is also proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

54. Upon information and belief, Traffic Logistics, Inc. d/b/a ACT Broker Services ("Traffic Logistics"), is or was a licensed property broker of transportation, located at 2 Narrows Road, Westminster, Massachusetts.

55. At the request of Traffic Logistics, and pursuant to 49 U.S.C. §13906 and the rules and regulations relating to security for the protection of motor carriers and shippers,

---

[2] See National Grange Mutual Insurance Company's Motion for Leave to Deposit Funds into the Registry of the Court, filed contemporaneously herewith.

9

National Grange, as surety, issued a "Property Broker's Surety Bond under 49 U.S.C. §13906" (assigned Bond No. S-218935-Y and bearing License No. 335241-B) on behalf of Traffic Logistics, as principal, with a bond penalty of $10,000.00 (hereinafter referred to as "the Bond"). The Bond became effective on April 1, 1998. A copy of the Bond is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference.

## COUNT I

### (Interpleader and Declaratory Judgment)

56.  The allegations in paragraphs 1 through 55 of this Complaint are incorporated herein by reference as if fully set forth at length here.

57.  Numerous claims against the Bond have been submitted by the Claimants whereby the Claimants contend that they have sustained loss or damage by reason of the acts or omissions of Traffic Logistics.

58.  Upon information and belief, the name of each of the Claimants and the amount claimed by each is set forth below:

| CLAIMANT | AMOUNT CLAIMED |
| --- | --- |
| Bee Trucking, Inc. | $1,150.00 |
| Eagle Capitol Corporation | $2,950.00 |
| Fleetmaster Express, Inc. | $500.00 |
| LL Transport, Inc. | $1,800.00 |
| Miller Freightlines, LLC | $1,050.00 |
| Northland Trucking, Inc. | $800.00 |
| Packard Transport, Inc. | $1,100.00 |
| TDM Express, Inc. | $350.00 |
| Taylor Truck Line, Inc. | $1,650.00 |

| | |
|---|---|
| Wright Transportation, Inc. | $1,925.00 |
| Republic Express, Inc. | $500.00 |
| BCT, Inc. | $375.00 |
| Dynamic Transit, Inc. | $1,145.00 |
| Load Max Carrier, Inc. | $1,750.00 |
| Mr. P. Express, Inc. | $800.00 |
| NG Express, Inc. | $1,100.00 |
| Hummer Trucking Corp. | $1,050.00 |
| JNS Daniels Trucking, Inc. | $1,100.00 |
| Alliance Express, Inc. | $1,925.00 |
| Seven Oaks Capitol Corp. | $2,900.00 |
| Mecca & Sons Trucking Company, Inc. | $1,200.00 |
| Sanger Trucking | $350.00 |
| Cornhusker Motor Lines | $900.00 |
| Hepler Transport | $525.00 |
| EJA Trucking, Inc. | $750.00 |
| MC Freight | $400.00 |
| The Walker Companies, LLC | $270.00 |
| UTS Transportation Services, Inc. | $2,250.00 |
| Universal Am-Can Ltd. | $1,050.00 |
| Everhart Transportation, Inc. | $900.00 |
| Payne, Inc. | $675.00 |
| Laser Expedited Transportation, Inc. | $450.00 |
| Patterson Freight Systems, Inc. | $1,500.00 |
| Quality Services, LLC | $8,525.00 |
| Patony Trucking, Inc. | $1,650.00 |
| Equity Transportation Company, Inc. | $1,050.00 |

| | |
|---|---|
| Longhorn Transportation Services, Inc. | $500.00 |
| KEM Express, Inc. | $400.00 |
| Jet Transportation Services | $1,550.00 |
| Harry E. Hills & Associates, Inc. | $750.00 |
| A&W Trux, Inc. | $275.00 |
| Harchelroad Trucking Co | $600.00 |
| Mercury Cartage, LLC | $9,640.00 |
| Your Town Transport, Inc. | $1,025.00 |
| Liberty Express, Inc. | $1,600.00 |
| Amstan Logistics, Inc. | $800.00 |
| All Pro Freight Systems, Inc. | $500.00 |
| Warren C. Sauers, Inc. | $700.00 |
| Panther | $1,500.00 |
| All Freight Solutions Corp. | $1,600.00 |
| Motor Service, Inc. | $775.00 |
| TOTAL CLAIMS: | $70,580.00 |

59.     After a good faith investigation and evaluation of the Claimants' claims, National Grange has concluded that the Claimants have an actual, justiciable controversy as to the rights and obligations of each under the Bond, that the aggregate amount of the claims exceed $10,000.00 (the total penalty amount of the Bond), and that National Grange is unable to make an apportionment of the bond penalty among the numerous Claimants in view of the aggregate amount of the claims and the Claimants' conflicting interests.

60.     National Grange is unable to determine with safety to itself what party is entitled to the bond penalty. In the absence of a resolution of the Claimants' claims by way of interpleader and declaratory judgment, National Grange may be exposed to double or multiple

liability with possible inconsistent results and the unnecessary burden, costs and expenses in defending lawsuits on account of the conflicting claims in excess of the bond penalty amount provided by the Bond.

61. National Grange has concluded that it is in the best interests of all Claimants that it tender the total bond penalty amount of $10,000.00 into the Court and allow Claimants to seek a judicial determination of the division of said amount.

62. Contemporaneously with the filing of this Complaint, National Grange filed a Motion for Leave to Deposit Funds into the Registry of the Court (with proposed Order), whereby it deposited $10,000.00 into the registry of the Court, said sum being the total penalty amount under the Bond.

63. National Grange requests that it be discharged from any and all liability as to all of the Claimants and future claimants and that it be discharged from any and all liability under the Bond. National Grange further requests that the Court declare the rights of the parties in this case and controversy.

WHEREFORE, National Grange Mutual Insurance Company requests that the Court adjudge:

1. That this is a proper action and proceeding for interpleader with respect to the Claimants and the determination of their respective rights, if any, and that the Claimants be required to interplead and settle between themselves their rights to the proceeds under the Bond;

2. That the respective rights, if any, of the Claimants be determined;

3. That National Grange be discharged from any liability to any Claimant or future claimant under the Bond, and that the Bond be declared null and void and with no further force or legal effect;

4. That each of the Claimants be restrained and enjoined from instituting any action against National Grange for recovery against the Bond, or any part of the bond penalty provided thereunder, and that National Grange be discharged henceforth, free of all liability or any further responsibility with regard to any and all claims made herein against National Grange or against the Bond or any part of the penalty of the Bond;

5. That this Court order a refund to National Grange of any bond proceeds not ordered by this Court to be disbursed;

6. That National Grange recover its costs and attorneys' fees from the bond proceeds; and

7. That the Court award National Grange such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

NATIONAL GRANGE MUTUAL INSURANCE COMPANY,

By its attorneys,

_____
Bradford R. Carver, BBO No. 565396
Eric H. Loeffler, BBO No. 641289
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500

Dated: April 5, 2004

323106/01035-0030