UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BEE TRUCKING, INC. et al., ,<br><br>    Defendants. | CIVIL ACTION NO. 04-10698-NMG |

**NATIONAL GRANGE MUTUAL INSURANCE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR DETERMINATION OF INTERPLEADER**

The plaintiff, National Grange Mutual Insurance Company ("National Grange"), respectfully submits this Memorandum in Support of its Motion for Determination of Interpleader pursuant to 28 U.S.C. §§1335 and 2361.

**INTRODUCTION**

National Grange commenced this interpleader action on April 5, 2004. Contemporaneously therewith, National Grange filed a Motion for Leave to Deposit Funds into the Registry of the Court. The Motion for Leave was granted and National Grange deposited $10,000.00 into the registry of the Court, which is the bond penalty under a 49 U.S.C. §10927 property brokers surety bond. National Grange seeks statutory interpleader and declaratory relief in its Interpleader Complaint. National Grange now moves for determination of its interpleader claim and, among other things, for permanent injunctive relief pursuant to 28 U.S.C §2361, and a discharge from further liability to the Defendants, and respectfully requests a refund of any bond proceeds not ordered by the Court to be distributed to the Defendants.

1

**STATEMENT O FACTS**

Upon information and belief, Traffic Logistics, Inc. d/b/a ACT Broker Services ("Traffic Logistics"), is or was a licensed property broker of transportation, located at 2 Narrows Road, Westminster, Massachusetts. (Cmplt., ¶54).[1] At the request of Traffic Logistics, and pursuant to 49 U.S.C. §13906 and the rules and regulations relating to security for the protection of motor carriers and shippers, National Grange, as surety, issued a "Property Broker's Surety Bond under 49 U.S.C. §13906" (assigned Bond No. S-218935-Y and bearing License No. 335241-B) on behalf of Traffic Logistics, as principal, with a bond penalty of $10,000.00 (hereinafter referred to as "the Bond"). (Cmplt., ¶55). The Bond became effective on April 1, 1998. (Cmplt., ¶54).

Numerous claims against the Bond were submitted to National Grange by, or on behalf of, the Defendants, whereby the Defendants contend that they have sustained loss or damage by reason of the acts or omissions of Traffic Logistics. (Cmplt., ¶57). The claims submitted to National Grange totaled more than $70,000.00. (Cmplt., ¶58).

After a good faith investigation and evaluation of the Defendants' claims, National Grange concluded that the Defendants had an actual, justiciable controversy as to the rights and obligations of each under the Bond, that the aggregate amount of the claims exceeded $10,000.00 (the total penalty amount of the Bond), and that National Grange was unable to make an apportionment of the bond penalty among the numerous claimants in view of the aggregate amount of the claims and the claimants' conflicting interests. (Cmplt., ¶59).

National Grange was unable to determine with safety to itself what party was entitled to the bond penalty. (Cmplt., ¶60). Accordingly, National Grange concluded that it was in the best interest of all Defendants to tender the total bond penalty amount of $10,000.00 into the Court,

---

[1] The Interpleader Complaint has been verified by the Affidavit of Eli Cinq-Mars, which is filed contemporaneously herewith.

2

which National Grange did on April 9, 2004, and allow the Defendants to seek a judicial determination of the division of said amount.  (Cmplt., ¶60-62).

National Grange now requests, among other things, that permanent injunctive relief be entered pursuant to 28 U.S.C. §2361, and that it be discharged from any liability to the Defendants under the Bond.  National Grange further requests that the Court declare the rights of the parties in the interpleader claim.  Finally, National Grange respectfully requests that should any of the proceeds of the Bond not be disbursed by order of the Court, that the Court order that such proceeds be refunded to National Grange.

## ARGUMENT

### I. NATIONAL GRANGE HAS ASSERTED A PROPER ACTION OR PROCEEDING FOR INTERPLEADER UNDER 28 U.S.C. §1335.

National Grange has asserted a proper action or proceeding for interpleader because it has met the requirements of 28 U.S.C. § 1335, the federal interpleader statute.  An interpleader claim is proper if three requirements are met.  Id.  First, the dispute must be filed by "any person, firm or corporation, association or society having in his or its custody or possession money or property of the value of $500.00 or more . . . ."  28 U.S.C. §1335(a).  Second, there must be "[t]wo or more adverse claimants, of diverse citizenship as defined in section 1332 of this title . . . claiming . . . to be entitled to such money . . . ."  28 U.S.C. §1335(a)(1).  Third, the plaintiff must deposit such money "into the registry of the court."  28 U.S.C. §1335(a)(2).  The district court will have original jurisdiction if these requirements are met.  28 U.S.C. §1335(a).

This is a proper interpleader claim because:  (1) National Grange possessed more than $500.00; (2) which at the time of filing was being claimed by two or more adverse claimants of diverse citizenship; and (3) National Grange has deposited the money into the registry of the Court.  In fact, at the time this action was filed, National Grange possessed $10,000.00, which

3

was being claimed by more than 50 adverse claimants from more than 15 different states, and which was deposited into the registry of the Court on April 9, 2004. National Grange has complied fully with the requirements of 28.U.S.C. §1335. Therefore, this Court has original jurisdiction, and should declare National Grange's statutory interpleader claim to be a proper interpleader claim under 28 U.S.C. §1335.

## II.  NATIONAL GRANGE IS ENTITLED TO, AMONG OTHER THINGS, DISCHARGE FROM FURTHER LIABILITY AND PERMANENT INJUNCTIVE RELIEF PURSUANT TO 28 U.S.C. §2361.

Under U.S.C. § 2361, National Grange is entitled to, among other things, a discharge from further liability and permanent injunctive relief. Section 2361 of Title 28 states as follows:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and <u>enter its order restraining them from instituting or prosecuting and proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader claim until further order of the court</u>. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgement.

Id. (emphasis added).

National Grange will best be protected from further liability if this Court issues a permanent injunction restraining and enjoining the Defendants from instituting or prosecuting any action or proceeding against National Grange or the Bond in any federal or state court. Injunctions, similar to the one National Grange seeks, have been granted by district and circuit courts throughout the country. See e.g. Illinois Employers Ins. v. Mihalcik, 801 F.2d 949 (7th

4

Cir. 1986); Underwriters Ins. Co. v. ATA Trucking, Inc., 2004 WL 445173 (M.D.N.C. 2004) (involving Property Broker's Surety Bond under 49 U.S.C. §13906). Additionally, National Grange is entitled to permanent injunctive relief because one of the reasons it instituted this action was to avoid potentially duplicative, injurious, and inefficient litigation, and without such an injunction, National Grange will be left unprotected. Therefore, a permanent injunction protecting National Grange should be entered.

In addition, National Grange is no longer needed as a party to the interpleader claim because it has already deposited the funds with the Court, and because it is not able to determine which defendants, if any, are entitled to such funds. A plaintiff is entitled to be discharged and protected from further liability after having complied with 28 U.S.C. §1335. Algemene Bank Nederland, N.V. v. Soysen Tarim Urunleri Dis Ticaret Ve Sanayi, A.S., 748 F.Supp. 177, 181 (S.D.N.Y. 1990); Equitable Life Assur. Soc. V. Miller, 229 F. Supp. 1018 (D. Minn. 1964). Accordingly, because National Grange has complied with 28 U.S.C. §1335, it should be discharged and protected from further liability in this action.

**III.    NATIONAL GRANGE RESPECTFULLY REQUESTS A REFUND OF THE BOND PROCEEDS ON DEPOSIT WITH THE REGISTRY OF THE COURT.**

On June 8, 2005, the Court entered default against the Non-Answering Defendants. The only other defendant, Universal Am-Can Ltd., has withdrawn its claim. See Docket No. 5 and the Court's Order of May 4, 2004. Accordingly, National Grange respectfully requests a refund of the Bond proceeds on deposit with the registry of the Court. See Underwriters Ins. Co. v. ATA Trucking, Inc., 2004 WL 445173 (M.D.N.C. 2004).

## **CONCLUSION**

Based on the foregoing, National Grange respectfully requests that the Court grant National Grange's Motion for Determination of Interpleader.

Respectfully submitted,

NATIONAL GRANGE MUTUAL INSURANCE COMPANY,

By its attorneys,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO No. 565396
Eric H. Loeffler, BBO No. 641289
Hinshaw & Culbertson LLP
One International Place, Third Floor
Boston, MA 02110
(617) 213-7000

34012948v1 NEWFILE