UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY,

    Plaintiff,

v.

BEE TRUCKING, INC. et al., ,

    Defendants.

CIVIL ACTION NO. 04-10698-NMG

## MEMORANDUM OF DECISION AND ORDER

THIS MATTER is before the Court upon the plaintiff, National Grange Mutual Insurance Company's ("National Grange") Motion for Determination of Interpleader. Upon review and consideration of the pleadings, motion and affidavits, the Court now makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1.    National Grange, the issuer of a property broker's surety bond under 49 U.S.C. §13906, brought this action, pursuant to 28 U.S.C. §1335, against persons and entities which have asserted claims against the bond. Said bond claims exceeded the penalty of the bond. National Grange now moves for determination of its interpleader claim and, among other things, for discharge from further liability and permanent injunctive relief from the Defendants pursuant to 28 U.S.C. §§1335 and 2361.

2.    Traffic Logistics, Inc. d/b/a ACT Broker Services ("Traffic Logistics"), is or was a licensed property broker of transportation, located at 2 Narrows Road, Westminster, Massachusetts. At the request of Traffic Logistics, and pursuant to 49 U.S.C. §13906 and the rules and regulations relating to security for the protection of motor carriers and shippers,

1

National Grange, as surety, issued a "Property Broker's Surety Bond under 49 U.S.C. §13906" (assigned Bond No. S-218935-Y and bearing License No. 335241-B) on behalf of Traffic Logistics, as principal, with a bond penalty of $10,000.00 (hereinafter referred to as "the Bond"). The Bond became effective on April 1, 1998.

3.   National Grange received numerous claims on the Bond and, in view of the Defendants' adverse and conflicting interests and the aggregate amount of the bond claims at the time the Complaint was filed, National Grange was unable to make an apportionment of the remaining bond penalty among the Defendants and, therefore, filed the instant action.

4.   Contemporaneously with the filing of the instant action, National Grange deposited the bond penal amount of $10,000.00 into the registry of the Court.

5.   I find that: (a) that this action was filed by National Grange, which had in its custody or possession money of the value of $500.00 or more; (b) that there were two or more adverse claimants of diverse citizenship as defined in 28 U.S.C. § 1332 claiming to be entitled to such money; and (c) that National Grange deposited such money into the registry of the Court. Therefore, the requirements of 28 U.S.C. § 1335 were met and this Court has original jurisdiction over this matter.

6.   Pursuant to Fed. R. Civ. P. Rule 55(a), the Court has previously entered default against the following defendants: A&W Trux, Inc., All Freight Solutions Corp., All Pro Freight Systems, Inc., Alliance Express, Inc., Amstan Logistics, Inc., BEE Trucking, Inc., Cornhusker Motor Lines, Dynamic Transit, Inc., Eagle Capitol Corporation, EJA Trucking, Inc., Equity Transportation Company, Inc., Everhart Transportation, Fleetmaster Express, Inc., Harchelroad Trucking Co., Harry E. Hills & Associates, Inc., Hepler Transport, Hummer Trucking Corp., Jet Transportation Services, JNS Daniels Trucking, Inc., KEM Express, Inc., Laser Expedited

Transportation, Inc. , Liberty Express, Inc., LL Transport, Inc., Load Max Carrier, Inc., Longhorn Transportation Services, Inc., MC Freight, Mecca & Sons Trucking Company, Inc., Miller Freightlines, LLC, Motor Service, Inc., Mr. P. Express, Inc., NG Express, Inc., Northland Trucking, Inc., Packard Transport, Inc., Panther, Patony Trucking, Inc., Patterson Freight Systems, Inc., Payne, Inc., Quality Services, LLC, Republic Express, Inc., Sanger Trucking, Seven Oaks Capitol Corporation, Taylor Truck Line, TDM Express, Inc., The Walker Companies, LLC, UTS Transportation Services, Inc., Warren C. Sauers, Inc., Wright Transportation, Inc., Your Town Transport, Inc., Mercury Cartage, LLC and BCT, Inc. (hereinafter collectively referred to as the "Non-Answering Defendants"). Further, the Court has entered default judgment against the Non-Answering Defendants. The only *other* defendant, Universal Am-Can Ltd., has withdrawn its claim. 

## CONCLUSIONS OF LAW

1. To the extent that any of the foregoing Findings of Fact are deemed, or constitute, Conclusions of Law, those Findings of Fact are restated and incorporated herein.

2. The captioned action is a proper action or proceeding for interpleader under 28 U.S.C. § 1335 and for determination of the respective rights, if any, of the Defendants to the Bond and to the remaining Bond penalty, and this Court has jurisdiction over the subject matter of this action and the parties thereto. National Grange's Motion for Determination of Interpleader should be granted.

3. The amount of the bond penalty under the Bond is a total of $10,000.00, and said total has been deposited into the registry of the Court;

4. National Grange is discharged from any and all liability to any and all Defendants under the Bond, and the Bond is deemed null and void with no further force or legal effect;

5.   No Defendants are entitled to recover any of the Bond proceeds on deposit in the registry of the Court because they have not answered or otherwise responded to the Interpleader Complaint, and because they have had default and default judgment entered against them;

6.   National Grange is entitled to a refund in the amount of the Bond proceeds and the Clerk shall pay National Grange such amount on demand as soon as this judgment becomes final and the time for appeal has elapsed;

7.   National Grange is dismissed from the interpleader claim;

8.   The Non-Answering Defendants are permanently restrained and enjoined from instituting or prosecuting any action or proceeding against National Grange or the Bond in any federal or state court;

9.   All claims that the Non-Answering Defendants may have concerning the funds on deposit or National Grange's obligations with respect to those funds are fully and finally resolved by this decree; and

10.   National Grange shall have such other and further relief that is just and appropriate.

It is therefore **ORDERED, ADJUDGED AND DECLARED** that:

1.   The captioned action is a proper action or proceeding for interpleader under 28 U.S.C. § 1335 and for determination of the respective rights, if any, of the Defendants to the Bond and to the remaining Bond penalty, and this Court has jurisdiction over the subject matter of this action and the parties thereto.

2.   National Grange's Motion for Determination of Interpleader is granted.

3.   National Grange is discharged from any and all liability to any and all Defendants under the Bond, and the Bond is deemed null and void with no further force or legal effect;

4. No Defendants are entitled to recover any of the Bond proceeds on deposit in the registry of the Court;

5. National Grange is entitled to a refund in the amount of the Bond proceeds not ordered by the Court to be disbursed to Defendants and the Clerk shall pay such amount to National Grange on demand as soon as this judgment becomes final and the time for appeal has elapsed;

6. National Grange is dismissed from the interpleader claim;

7. The Non-Answering Defendants are permanently restrained and enjoined from instituting or prosecuting any action or proceeding against National Grange or the Bond in any federal or state court;

8. All claims that the Defendants may have concerning the funds on deposit or National Grange's obligations with respect to those funds are dismissed and are fully and finally resolved by this decree.

**SO ORDERED**:

Dated: 10/25/05

_____
United States District Judge

34013047v1 NEWFILE